**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Sean Moorman, | No. CV 11-1290-PHX-NVW (DKD) |
| Plaintiff, | |
| vs. | **ORDER** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

This matter arises on Plaintiff's Motion for Appointment of Counsel (Doc. 35). Plaintiff requests that the court appoint counsel because he cannot afford counsel, needs assistance with the case, and because the issues in this matter are complex. (*Id.*)

There is no constitutional right to appointment of counsel in a civil case. *See Johnson v. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

The Court has previously denied Plaintiff's motions for the appointment of counsel (Docs. 8, 17). Plaintiff has again failed to demonstrated a likelihood of success on the merits or that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Moreover, Plaintiff's numerous filings with the Court as well as the pending motion,

indicate that Plaintiff is capable of presenting legal and factual arguments to the Court. After reviewing the file, the Court determines that this case does not present exceptional circumstances requiring the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 35) is **DENIED** without prejudice.

DATED this 2nd day of July, 2012.

_____
David K. Duncan
United States Magistrate Judge

- 2 -